# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Eccles Community Church and Trustees,**
**Respondents Below, Petitioners**

**vs)  No. 15-0522** (Raleigh County 13-C-549-H)

**James M. Bolon,**
**Petitioner Below, Respondent**

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Eccles Community Church and Trustees, by counsel James G. Anderson, III, appeals the Circuit Court of Raleigh County's April 28, 2015, order denying its motion for a new trial or, in the alternative, to alter or amend judgment in this adverse possession matter. Respondent James M. Bolon, by counsel David E. Gilbert and Todd A. Kirby, filed a response in support of the circuit court's order. Petitioners filed a reply. On appeal, petitioners argue that the circuit court erred in denying its motion because respondent failed to satisfy the elements of adverse possession of the disputed property.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2013, respondent filed a complaint in the circuit court that sought legal title to disputed real property under the theory of adverse possession and alleged trespass on the part of petitioners. The real property, which was referred to as "Lot 19," was located adjacent to a lot previously owned by respondent. Both lots were located in the Crab Orchard Coal and Land Company Subdivision, Section 5, in Eccles, Raleigh County, West Virginia. Respondent also sought injunctive relief. Petitioners filed an answer in which they claimed to retain ownership of the disputed real property. Petitioners later amended that answer to add affirmative defenses and a counterclaim against respondent for monetary damages as a result of respondent's use of the disputed real property. Respondent answered and denied petitioners' assertions in their counterclaim.

---

[1]While petitioners list six assignments of error at the outset of their brief to this Court, each of those assignments of error relate to whether respondent satisfied the elements of an adverse possession claim. Further, petitioners' "argument" section of their brief consists of one, undivided discussion of the elements of adverse possession under the facts of this case. As such, we will address petitioners' grounds as one assignment of error in this memorandum decision.

1

Following discovery, the circuit court held a bench trial in February of 2014. Respondent and his wife testified that they owned Lot 18, which is connected to Lot 19, but that they had continuously used a portion of Lot 19 as a driveway, car park, and for recreation "every day" since the 1990s. Respondent claimed that a row of pine trees once separated the two properties, but that he cut down those trees between the mid-1980s and 1993. He stated that, since he cut down those trees, he had used and made improvements to Lot 19 by adding new gravel to and digging ditches around the car park; planting grass seed, mowing grass, and cutting weeds; storing vehicles; installing a light; moving fill dirt onto and generally cleaning the parking area; building a tire shed on that property, which was later destroyed in a storm and removed; and installing car ports on Lot 18 that opened onto Lot 19 for access. He further claimed that no one from petitioners' church had used that portion of Lot 19 since the 1990s. It was undisputed that the previous owner of Lot 19, Shady Grove Baptist Church, once built a church building on part of Lot 19, but that building was destroyed in a storm in the 1990s prior to Eccles Community Church obtaining ownership to the property.

An engineer who had previously worked with the Raleigh County Commission also testified at the trial. The engineer explained that he investigated a complaint in 2001 regarding debris from the destroyed church building on Lot 19. According to the engineer, the Shady Grove Baptist Church submitted a letter to his office in response to the complaint in which it admitted that respondent regularly drove his vehicles through Lot 19. The letter specifically stated that respondent "did not get permission" to access Lot 19. The engineer also noted that, in 2002, Eccles Community Church removed the debris from the destroyed church building on Lot 19 following its acquisition of the property. Evidence further established that at least one "No Trespassing" sign was posted on Lot 19 from 2002 to the present. Several of respondent's neighbors and friends also testified that he regularly used Lot 19 as described.

Petitioners presented the testimony of several church members and trustees. One church member testified that he shoveled snow on a portion of Lot 19 in 2013 and 2014, and several of petitioners' witnesses testified that respondent said he would remove his possessions from "church property" in 2013, if his possessions were determined to be on that property. At the conclusion of trial, the circuit court requested proposed findings of fact and conclusions of law from the parties.

By order entered on October 22, 2014, the circuit court found that respondent and his family and friends used a portion of Lot 19 for parking, ingress/egress to Lot 18, and recreation "since at least as early as 1999." The circuit court found that respondent used and improved a portion of Lot 19 as described by him and his neighbors and friends. Based on the evidence presented, the circuit court concluded that respondent satisfied the legal elements for adverse possession as to a portion of Lot 19 between his home and a paved section of driveway on Lot 19 closer to petitioners' church. However, the circuit court ruled that respondent had failed to satisfy the elements of adverse possession as to the entire area of Lot 19. Therefore, petitioners were ordered to prepare a deed for that portion of Lot 19 awarded to respondent, which was further described in the circuit court's order. By that deed, title was to transfer from petitioners to respondent within ninety days of the circuit court's order. As to respondent, the circuit court ordered that he remove any and all possessions from the remaining portions of Lot 19 not awarded to him within thirty days of the circuit court's order.

In November of 2014, petitioners filed a motion for a new trial or, in the alternative, to alter or amend judgment. In that motion, petitioners argued that respondent failed to clearly prove four of the required elements of adverse possession for any portion of Lot 19. Petitioners claimed that the evidence at trial failed to support the elements of (1) exclusive, (2) actual, (3) adverse/hostile use of the property for (4) ten years prior to the filing of his complaint in July of 2013. In his response to petitioners' motion, respondent argued that petitioners sought merely to relitigate the issues previously decided at trial and that petitioners' claims were not supported by the record.

In April of 2015, the circuit court entered its final order denying petitioners' post-trial motion for a new trial or, in the alternative, to alter or amend judgment. The circuit court noted that petitioners failed to identify which rule of the West Virginia Rules of Civil Procedure petitioners relied upon for their motion, but, given the circumstances, the circuit court analyzed the motion under Rule 59.[2] The circuit court found that petitioners only presented an alternate fact pattern in their motion that, while supported by the evidence presented at trial, ignored substantial evidence that supported the verdict. The circuit court concluded that petitioners' argument "does not meet the requirements of the second part of the standard for granting relief under Rule 59." The circuit court stated its belief that its factual determinations were "accurate" based on the evidence. This appeal followed.

The issue in this case is whether sufficient evidence exists to support a claim of adverse of possession. We have explained that "[t]he burden is upon the party who claims title by adverse possession to prove by clear and convincing evidence all elements essential to such title." Syl. Pt. 2, *Brown v. Gobble*, 196 W.Va. 559, 474 S.E.2d 489 (1996). In reviewing a circuit court's order regarding an adverse possession case, we have explained

> that the standard of review for judging a sufficiency of evidence claim is not appellant friendly. Following a bench trial, the circuit court's findings, based on oral or documentary evidence, shall not be overturned unless clearly erroneous, and due regard shall be given to the opportunity of the circuit judge to evaluate the credibility of the witnesses. W. Va. R. Civ. P. 52(a). Under this standard, if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety, we may not reverse it, even though convinced that had we been sitting as the trier of fact, we would have weighed the evidence differently.

---

[2]Rule 59(a) of the West Virginia Rules of Civil Procedure provides as follows:

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

We will disturb only those factual findings that strike us wrong with the "force of a five-week-old, unrefrigerated dead fish." *United States v. Markling*, 7 F.3d 1309, 1319 (7th Cir.1993), *cert. denied*, [514] U.S. [1010], 115 S.Ct. 1327, 131 L.Ed.2d 206 (1995).

*Brown*, 196 W.Va. at 563, 474 S.E.2d at 493. That said, we have also held that

[t]he deference accorded to a circuit court sitting as factfinder may evaporate if upon review of its findings the appellate court determines that: (1) a relevant factor that should have been given significant weight is not considered; (2) all proper factors, and no improper factors, are considered, but the circuit court in weighing those factors commits an error of judgment; or (3) the circuit court failed to exercise any discretion at all in issuing its decision.

*Id*. at 559, 474 S.E.2d at 489, syl. pt. 1.

On appeal, petitioners argue that the circuit court erred in finding that respondent satisfied the elements of adverse possession as to any portion of Lot 19. The elements of an adverse possession claim are clear in this State's jurisprudence:

One who seeks to assert title to a tract of land under the doctrine of adverse possession must prove each of the following elements for the requisite statutory period: (1) That he has held the tract adversely or hostilely; (2) That the possession has been actual; (3) That it has been open and notorious (sometimes stated in the cases as visible and notorious); (4) That possession has been exclusive; (5) that possession has been continuous; (6) That possession has been under claim of title or color of title.

Syl. Pt. 3, *Somon v. Murphy Fabrication & Erection Co*., 160 W.Va. 84, 232 S.E.2d 524 (1977). This Court also has held that "[a]ctual, open, notorious, exclusive and continuous adverse possession of land for more than ten years, confers good legal title, enabling the owner to maintain an action for unlawful entry and detainer against one who enters unlawfully." Syl. Pt. 2, *Harman v. Alt*, 69 W.Va. 287, 71 S.E. 709 (1911).

In support of their claim, petitioners argue that respondent failed to prove by clear and convincing evidence that he had actual, adverse/hostile, and exclusive possession of any portion of Lot 19 for the requisite period of ten years prior to the filing of the underlying complaint in July of 2013. However, notwithstanding these arguments, petitioners admit that respondent used the property for "moving personal property on and off of said property, children playing on the same, and parking in the parking area of said Church's property Lot 19 [sic], as well as staking a dog on said property, children riding wagons, and four-wheelers utilizing said property." We disagree with petitioners' contention that respondent's use of the property was intermittent and did not demonstrate actual possession. Respondent and others testified that he used the property not only as petitioners admit, but that he drove his vehicles regularly through the portion of Lot 19 that he was ultimately awarded. Based on the testimony of the engineer and several of petitioners' members, respondent used the property openly and adversely.

As to the requisite time period and the exclusivity of respondent's use, respondent testified that he had used the property "every day" since the 1990s and that no one from petitioners' church had used the portion of the property at issue since that time. While petitioners note that other witnesses contested respondent's testimony, the trier of fact is tasked with determining the credibility of witnesses and rendering findings of fact. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995).

Following a thorough review of the parties' arguments and the record on appeal, it is clear that respondent presented sufficient evidence upon which to support an award of adverse possession as to a portion of Lot 19. As the circuit court's findings were plausible in light of the record viewed in its entirety, we find no merit to petitioners' assignment of error.

For the foregoing reasons, the circuit court's order is hereby affirmed.

Affirmed.

**ISSUED:** June 6, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II